UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH M. THOMPSON,
and LYNN THOMPSON,

      Plaintiffs,

v.                                              Case No. 05-CV-1197-T-MAP

THE CIT GROUP/CONSUMER
FINANCE, INC.; FORECLOSURE
MANAGEMENT COMPANY; DAVID
NOYCE, and ONE OR MORE "JOHN
or JANE SMITHS,",

      Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motions to Dismiss (docs. 5 and 8). For the reasons explained below, the Defendants' motions are DENIED.

*A.    Standard of Review*

Dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984). On a motion to dismiss, the court must accept all the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. The complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994).

When no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991). A very low sufficiency threshold is necessary for a complaint to survive a motion to dismiss. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

*B.   Background*

Plaintiffs, individual consumers, were Defendants in a circuit court foreclosure action in 2004 in Hillsborough County. A final judgment was entered against them in the amount of $127,624.27 with interest accruing at 7% per annum. Shortly thereafter Plaintiff's attorney requested a payoff amount from Defendant Foreclosure Management Company, the entity overseeing the action on behalf of Defendant Cit Group/Consumer Finance, Inc. ("CIT Group"). In December 2004 Plaintiff's attorney received a payoff quote of $146,098.59. However, the actual amount Plaintiff's owed was only $131,711.74. Defendant CIT Group misstated the amount due by $14,386.85. Plaintiff's attorney personally contacted Foreclosure Management Group and was told that the payoff amount was in fact only $131,751.39. Plaintiff's subsequently tendered a check for the total amount and as a result, paid their account in full. Now, Plaintiffs are seeking damages, alleging that Defendants violated the Federal Consumer Debt Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

*C.  Discussion*

*I. Count I: Violations of the FDCPA*

According to 15 U.S.C. § 1692, the purposes of the Fair Debt Collection Act are to:

> Eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt

2

collection abuses.

The Act was "not intended to shield... consumers from the embarassment and inconvenience which are the natural consequences of debt collection." *Dalton v. FMA Enters., Inc*., 953 F.Supp. 1525, 1531 (M.D.Fla. 1997). Plaintiffs claim Defendants used false and deceptive means to collect a debt as prohibited by 15 U.S.C. § 1692e, that they falsely represented the character or amount of the debt as prohibited by 15 U.S.C. § 1692e(2)(A), that they used unfair or unconscionable means to collect a debt as prohibited by 15 U.S.C. § 1692f, and that they attempted to collect an amount not authorized by the agreement which created the debt as prohibited by 15 U.S.C. § 1692f(1).

Plaintiffs assert that Defendants are bound by the statute as they are "debt collectors." Defendants contend that they are shielded from application of the statute since they are "creditors." The term debt collector refers to any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect debts, directly or indirectly, debts owed or due or asserted to be owed or due another" 15 U.S.C. § 1692a (6). The term creditor refers to "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another" 15 U.S.C. § 1692a (4). It is not apparent to this Court at this early stage in litigation whether Defendants are in fact "creditors" or "debt collectors." For purposes of a motion to dismiss, we must accept Plaintiff's allegations that Defendants are "debt collectors' as true. Since this issue is crucial to the resolution of this matter, Defendant's Motions to Dismiss as to Count One, are DENIED.

   II.  *Count II: Violations of the FCCPA*

Plaintiff claims that Defendant violated section 559.72 of the FCCPA "by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist" *See* § 559.72(9). Plaintiffs again assert that since Defendants are "debt collectors" they fall under the provisions of the statute. Defendants again rebut that they are "creditors" and as such are exempt from the statute. At this early stage in litigation, before any discovery has commenced, this Court must take the facts in the light most favorable to the Plaintiff. Therefore, as to violations of the FCCPA, Defendant's Motions to Dismiss as to Count Two are DENIED.

*Conclusion*

For the reasons stated in this Order, it is hereby

**ORDERED:**

1. Defendants' Motions to Dismiss (docs. 5 and 8) are DENIED.

DONE and ORDERED at Tampa, Florida, on this 11th day of October, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to: Counsel of Record